## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| VINCENT DINH, et al., | ) | 3:13-cv-00184-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | April 15, 2013 |
| SERGE RIGISICH, et al., | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the Court is the Emergency Motion of Defendants for Stay of Writs of Execution/Garnishment." (Doc. # 23.)

"Emergency Motions" are governed by LR 7-5 and Special Order 109. LR 7-5(d)(3) states that a party's emergency motion must be accompanied by an affidavit which includes, inter alia, a "statement of movant" which certifies that "...after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without court action." While the defendants' emergency motion includes an affidavit of counsel (Doc. # 23-4), neither the affidavit nor the emergency motion contains any representations the defendants have attempted to secure a stay or postponement of execution from the opposing counsel.

Therefore, the emergency motion of defendants (Doc. # 23) is **DENIED without prejudice.** If after "personal consultation" with opposing counsel in a "sincere effort" to resolve the request for a stay or postponement of execution of the judgment pending defendants efforts to secure a Relief from Judgment from the California courts, defendants may renew their motion. Defendants' counsel is reminded, however, of the requirements of Special Order 109 (¶ III (I)) that the moving party, in addition to filing the emergency motion electronically, is to advise the court's chambers that the motion has been filed.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
        Deputy Clerk